## W. A. SMITH v. STATE.

No. A-2368. Opinion Filed September 25, 1915.

(151 Pac. 694.)

APPEAL—Verdict—Evidence. When issues of fact are determined by the jury upon evidence which is sufficient, even though it may be capable of diverse and opposing inferences, this court has no more right than the trial court to substitute its own judgment in the place of that of the jury, or to usurp its legitimate functions.

*Appeal from County Court, Pawnee County;*
*Geo. E. Merritt, Judge.*

W. A. Smith, convicted of a violation of the prohibitory law, appeals. Affirmed.

*McNeill & McNeill,* for plaintiff in error. ·

*R. McMillan,* Assistant Attorney General, for the State.

ARMSTRONG, J.   The plaintiff in error was convicted on a charge that he did have possession of certain beer, with the unlawful intent to sell the same.   On the 20th day of August, 1914, in pursuance of the verdict of the jury, he was sentenced to pay a fine of $100.00 and be confined in the county jail for a period of sixty days.   From the judgment he appealed by filing in this court November 20, 1914, a petition in error with case-made.

The proof on the part of the state tended to show that one Earl Fletcher, bought a bottle of beer from the defendant, and thereupon a search warrant issued, in serving which the sheriff found part of a barrel of bottled beer at the defendant's home. The defendant, as a witness in his own behalf, denied that he had ever sold any intoxicating liquor, and specifically denied that he had ever sold Earl Fletcher a bottle of beer, and stated that the beer was purchased at Kansas City for his own personal use.

The sole question presented by the record is the sufficiency of the evidence to sustain the verdict.   We have in many cases announced that under the law as it exists in Oklahoma, the Appellate Court will not undertake to reverse a judgment in the absence of errors of law, when there is a clear conflict in the testimony, after a jury has found adversely to the contentions of an accused, and the finding has been approved by the trial court. "When issues of fact are determined by the jury upon evidence which is sufficient, even though it may be capable of diverse and opposing inferences, this court has no more right than the trial court to substitute its own judgment in the place of that of the jury, or to usurp its legitimate functions." *Davis* v. *State,* 10 Okla. Cr., 169; 135 Pac. 438.

We do not think there is any serious ground for the contention that this is a case which would justify this court in interfering with the facts as determined by the jury.   The judgment herein is therefore affirmed.

DOYLE, P. J., concurs.